380

James V. COOLEY, Jr., et al., Plaintiffs,

v.

Stanley GROSSHANDLER, et al., Defendants.

No. C–3–87–383.

United States District Court, S.D. Ohio, W.D.

Sept. 2, 1988.

David S. Welt, Cincinnati, Ohio, for plaintiffs.

Jeri J. Simmons, Dayton, Ohio, David H. Pauker, Chicago, Ill., for defendant Grosshandler.

DECISION AND ENTRY ORDERING EVIDENTIARY HEARING ON MOTION OF DEFENDANT STANLEY GROSSHANDLER SEEKING AN ORDER OF THE COURT DISMISSING THE PLAINTIFFS' AMENDED COMPLAINT AS TO HIM (DOC. # 27) ON THE BASIS OF THIS COURT'S LACK OF *IN PERSONAM* JURISDICTION; MOTION TO DISMISS DEEMED NOT YET AT ISSUE

RICE, District Judge.

The Plaintiff has filed a thirteen page Complaint against five Defendants, alleging in twelve counts a series of actions which can only be described as setting forth claims for relief under the tort of fraud and deceit. Although the Complaint lacks a jurisdictional statement (a violation of Fed.R.Civ.P. 8(a)(1)), it is clear, from both the reading of the caption and the Complaint itself, that the subject matter jurisdiction of this Court is invoked pursuant to its diversity jurisdiction. Accordingly, venue is proper within this district, if jurisdiction over the person of the moving

Defendant can be had by this Court. 28 U.S.C. § 1391(a).

In support of its obligation to plead facts that would support *in personam* jurisdiction in this Court, the Plaintiffs have set forth only the following in their Amended Complaint (Doc. # 17, at 4):

14. During the month of July, 1984 and at least on one other occasion during the summer of 1984, Defendant Stanley Grosshandler was present in Springfield, Ohio. On one occasion Defendant Grosshandler and Defendant Melvin Hartwell visited the Cooley Container Corporation plant at 148 W. North Street, Springfield, Ohio. While at the plant both Defendants looked at the newly refurbished machines and discussed how pleased they were with how things were proceeding, then departed. (See Exhibit 6)

15. On another occasion during the summer of 1984 both Defendants Grosshandler and Melvin Hartwell visited the home of James and Joanna Cooley at 1515 North Belmont Avenue, Springfield, Ohio. During this visit Defendants discussed the progress of the business with Plaintiffs. (See Exhibit 7)

Attached to the Plaintiffs' Amended Complaint are affidavits of the Plaintiffs' (Exhibits 6 and 7) which verify and generally track the language of the aforesaid two paragraphs.

Nowhere in the Complaint as a whole or in the specific two paragraphs above referenced are facts alleged which would allow the inference that the Defendant's visits to Ohio in 1984 were intended to and did in fact advance or further the scheme to defraud and to deceive the Plaintiffs. For all that this Court knows, the visit(s) might have been purely social, with any discussion of "the business" simply an afterthought. Any assumption to the contrary would rise to the level of speculation. It is too elementary a proposition of law to require a citation of authority that two random visits by a defendant to a state during the course of a series of transactions spanning a two and one-half to three year period of time, without some obvious or reasonably inferable connection to a scheme to defraud, are *not* sufficient to vest that state's federal court with *in personam* jurisdiction over that defendant.

Memoranda have been filed, both in support of and in opposition to the Motion to Dismiss, each of which is remarkable for its total lack of reference or citation to pertinent and crucial Ohio state and Sixth Circuit federal law.

Both counsel have managed to stumble upon the case of *International Shoe Company v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), which stands for the general proposition that the activities in question, those activities which form the basis of the claim(s) for relief, must represent sufficient minimum contacts with the forum state to make it reasonable and just, and in conformity to the due process requirement of the fourteenth amendment, for the court of that state to exercise jurisdiction over the person of the Defendant. However, neither counsel has cited to this Court: (1) the Ohio long arm statute, Ohio Rev.Code 2307.382(A) (or any specific provisions therein), which forms the statutory basis for any possible *in personam* jurisdiction of this Court over the person of the Defendant, given the fact that a federal court sitting in diversity must look to the law of the forum state (Ohio) to determine the extent of its *in personam* jurisdiction, (2) the leading Sixth Circuit decision for determining whether *in personam* jurisdiction over a defendant exists based upon a single act or two, *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374 (6th Cir.1968), (3) the seminal and leading Sixth Circuit decision construing the method for determining the due process limitation of the long arm statute in Ohio, *In-flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220 (6th Cir.1972), and (4) any later Sixth Circuit or Supreme Court authority which would refine or further define the principles enunciated by the above cases. Indeed, what is particularly mindboggling to this Court is that *neither* counsel has seen fit to cite *any* Sixth Circuit law at all. Each counsel has seen fit to advance and/or to defend his position with regard to the pending motion with affidavits raising the factual question of whether in fact

Stanley Grosshandler, the moving Defendant, was or was not in the state of Ohio, with the Plaintiff or Plaintiffs, during the summer of 1984 or, for that matter, at any time during the course of the alleged fraudulent conduct. The affidavits are generally more specific than the above stated references to the Plaintiffs' Amended Complaint, insofar as setting forth the purpose of Stanley Grosshandler's alleged visit(s) to Ohio. Stanley Grosshandler specifically denies that he "at any time, had any meetings with the Plaintiffs in the state of Ohio; nor did [he] ever, at any time, visit the office or plant of the Cooley Container Corporation in the state of Ohio; nor did [he] ever, at any time, visit the residence of James V. Cooley, Jr. or Joanna D. Cooley in the state of Ohio" (Doc. # 27). In addition to the affidavits referenced above which are attached to the Plaintiffs' Amended Complaint (Doc. # 17, Exhibits 6 & 7), and which track the aforementioned two quoted paragraphs from said Amended Complaint, the Plaintiff James V. Cooley, Jr., has filed an affidavit specifically stating that Stanley Grosshandler visited him at his home on at least two occasions in July, 1984, the purpose for which "was to discuss with [him] the status of the Cooley Container Corporation; [to] discuss various problems with a Manbritt machines which he [Grosshandler] was to have provided for the Cooley Container Corporation; and explain to me [Cooley] a contract he was negotiating with the Braun Corporation of Chicago, Illinois to which the Cooley Container Corporation would supply its product." (Doc. # 13). These allegations, if true, would require a conclusion that at least a portion of Grosshandler's visit(s) to Ohio served to advance or further the scheme to defraud and to deceive the Plaintiffs. Finally, the Plaintiffs have filed affidavits from the Defendants Melvin and Pat Hartwell which indicate that the Defendant Grosshandler attempted to secure perjured affidavits from them, attesting to the fact that he, Grosshandler, was not within the state of Ohio during the time in question. The Hartwells contend in these affidavits that they are fully aware that Grosshandler "was in Ohio, for the purpose of contacting

Plaintiff, James V. Cooley, in the ongoing negotiation between the Plaintiff ... and the Defendants in this case." (Doc. # 44). The cumulative weight or affect of the aforementioned affidavits is to allow this Court, based upon the written materials alone, to conclude that the Plaintiffs have proven, by a preponderance of the evidence before the Court through those written materials, the presence of Stanley Grosshandler, within the state of Ohio, during the period of time in question.

The applicable law is clear.

■ 1. Where personal jurisdiction is challenged in a motion to dismiss, the plaintiff has the burden of establishing that such jurisdiction exists. *American Greetings Corp. v. Cohn*, 839 F.2d 1164 (6th Cir.1988).

2. The basic requirement for personal jurisdiction over a non-resident defendant has been clearly established since the Supreme Court's decision in *International Shoe Company v. Washington, supra*, which held:

[D]ue process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it, such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."

*Id.* 326 U.S. at 316, 66 S.Ct. at 158.

3. In *Southern Machine Company v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir.1968), the Sixth Circuit identified three criteria which must be satisfied if personal jurisdiction over a non-resident who is not generally engaged in activities within the forum state is to be upheld under *International Shoe v. Washington*. These criteria are: "First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the plaintiff's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum

state to make the exercise of jurisdiction over the defendant reasonable." *See also In-flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220 (6th Cir.1972).

4. If the above three criteria are satisfied, jurisdiction will be upheld if the facts of the particular case are such that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' "

■ 5. The law of the forum state, herein Ohio, determines the extent of the *in personam* jurisdiction of a federal court sitting in a diversity case. *In-flight Devices Corp. v. Van Dusen Air, Inc., supra,* at 224. Ohio's long arm statute, Ohio Rev. Code 2307.382, provides, in pertinent part:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1) Transacting any business in this state;

(2) Contracting to supply services or goods in this state;

(3) Causing tortious injury by an act or omission in this state;

(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

. . . . .

(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;

. . . . .

(B) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

6. The Sixth Circuit held in *In-flight Devices* that the Ohio long arm statute extends personal jurisdiction to the constitutional limits set by the due process clause, 466 F.2d at 225. The question thus becomes, if the given course of conduct is deemed to fit within one or more of the applicable subsections of Ohio Rev.Code 2307.382, whether, in the given case, the jurisdictional reach of the forum state's courts can be extended, consistent with due process, to this non-resident.

■ 7. If the district court determines to decide the issue of *in personam* jurisdiction solely on the basis of written materials, the plaintiff is required only to make a *prima facie* case of jurisdiction, that is, he need only demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss. However, if the district court concludes that the written submissions have raised issues of credibility or disputed issues of fact which require resolution, it may conduct a preliminary evidentiary hearing. Where this occurs, the Plaintiff must show by a preponderance of the evidence that jurisdiction exists. *Welsh v. Gibbs*, 631 F.2d 436, 438–439 (6th Cir.1980), *cert. denied* 450 U.S. 981, 101 S.Ct. 1517, 67 L.Ed.2d 816, cited in *American Greetings Corp. v. Cohn, supra*, at 1168–69.

■ In this case, there is one material disputed issue of fact, an issue which can be resolved only by this Court's making a credibility determination between the Plaintiffs and the Hartwells, on the one hand, who have submitted affidavits to the effect that the Defendant Stanley Grosshandler was within the state of Ohio, with the Plaintiffs, during the period of the scheme to defraud, undertaking action to further the aforesaid scheme, and the Defendant, Stanley Grosshandler, on the other hand, who claims that he was never within the state of Ohio, with the Plaintiffs, during the time in question.

Accordingly, a brief evidentiary hearing (not a hearing on the merits of the litigation) will be held to resolve the aforesaid issue.[1] The Plaintiffs will have the burden

---

1. Whether to hold an evidentiary hearing in a    situation in which the affidavits would appear

of proof, by a preponderance of the evidence, at said hearing, to satisfy this Court that Stanley Grosshandler was within the state of Ohio, during the period that the alleged scheme to defraud was in operation, and, moreover, either that the purpose of said visit(s) was to advance the fraudulent scheme or artifice or, regardless of the purpose, during said visit or visits an act or acts took place which did serve to advance the fraudulent scheme or artiface.

Following the holding of the evidentiary hearing referred to above, this Court will allow counsel fourteen days within which to brief the above issue, both factually and in light of the applicable law.

Counsel listed below will take note that a brief telephone conference will be had, at 9:15 a.m. on September 15, 1988, for the sole and express purpose of setting a date and time for the holding of the evidentiary hearing above referenced.

Until such time as this Court has both conducted the evidentiary hearing in question and has had submitted to it briefs upon the facts and the applicable law, the Defendants' Motion to Dismiss the Plaintiff's Complaint as to him (Doc. # 27) is deemed by this Court to be "not at issue."

to establish *in personam* jurisdiction by a preponderance of the evidence would appear to be within the sound discretion of the Court. However, where matters of witness credibility are involved, this Court prefers to exercise that discretion by conducting a brief evidentiary hearing at which time the Plaintiff will have the burden of proof, by a preponderance of the evidence, on this issue. The Court's earlier conclusion, *supra* at 382, that "[t]he cumulative weight or affect of the aforementioned affidavits is to allow this Court, based upon the written materials alone, to conclude that the Plaintiffs have proven, by a preponderance of the evidence, the presence of Stanley Grosshandler, within the state of Ohio, during the period of time in question," was based upon a review of the written materials alone. Such a statement should not be taken to mean that this Court, when faced with resolving disputed facts upon a credibility basis, at an evidentiary hearing, will automatically reach the same conclusion.